NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Allan JAMES, et al., | |
| Plaintiffs, | |
| v. | Civ. No. 94-325 |
| John Warren FRAME, et al., | OPINION |
| Defendants. | |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion to Vacate Judgment filed by Defendant John Warren Frame, IV ("Defendant"). (Docket Entry No. 1). The motion is not opposed. The Court has decided the matter upon consideration of Defendant's written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Defendant's Motion to Vacate Judgment is granted.

## II. BACKGROUND

Plaintiffs filed a complaint in the United States District Court for the Southern District of Texas bearing Docket No. H-86-4589. (Docket Entry No. 1 at ¶ 1). A judgment was ultimately entered against Defendant and others on March 2, 1993. (*Id.*). Plaintiffs then registered the judgment in the United States District Court for the District of New Jersey on August 25, 1994. (*Id.*).

1

Prior to the entry of the above referenced judgment, however, Defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (*Id*. at ¶ 2). The petition was filed on October 16, 1992 in the United States Bankruptcy Court for the Southern District of New York and assigned Case No. 92-B-45715-CB. (*Id*.). Defendant obtained his bankruptcy discharge on March 31, 1993. (*Id*. at ¶ 3). The discharge order provides that:

> [a]ny judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
>   (a) debts dischargeable under 11 U.S.C. sec. 523;
>   (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to by excepted from discharge under clauses (2), (4) (6) of 11 U.S.C. sec 523(a);
>   (c) debts determined by this court to be discharged.

(*Id*.). The discharge order further provides that:

> [a]ll creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void . . . are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

(*Id*. at ¶ 4).

### III.  ANALYSIS

Under Federal Rule of Civil Procedure 60(b), courts may relieve parties of final judgments under certain circumstances. Fed. R. Civ. P. 60(b). The rule provides in relevant part:

> On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . .
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospective is no longer equitable; or
>   (6) any other reason that justifies relief.

2

*Id*.

Under 11 U.S.C. § 362(a), a petition filed under the Bankruptcy Code operates as a stay of other judicial proceedings against the debtor. 11 U.S.C. § 362(a). Therefore, the entry of judgment by Plaintiffs against Defendant in the United States District Court for the Southern District of Texas on March 2, 1993 is void *ab initio* against Defendant because all proceedings against him were automatically stayed on October 16, 1992, when Defendant filed his bankruptcy petition. It follows, therefore, that as the underlying judgment is void *ab initio* as to Defendant, the subsequent docketing and registration of that judgment in this District is also void.

Furthermore, the registration of the judgment in this District also violates the discharge order issued by the United States Bankruptcy Court for the Southern District of New York because it occurred on August 25, 1994. Under 11 U.S.C. § 524(a),

> [a] discharge in a case under this title –
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor . . ."

11 U.S.C. § 524(a). As the pleadings in Defendant's bankruptcy case indicate that no complaints or judgments determining the debts of Plaintiffs to be non-dischargeable as to Defendant were entered in his bankruptcy case and no order was entered granting relief from the automatic stay, the Court finds that Defendant is entitled to the relief requested under Rule 60(b).

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate Judgment is granted.  An appropriate order will follow.

<i>/s/ Anne E. Thompson</i><br>
ANNE E. THOMPSON, U.S.D.J.

Date: March 28, 2013